## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ABRAHIM FATA,<br>      Plaintiff, | : | |
| | : | |
| | : | |
| v. | : | **CIVIL ACTION NO. 24-CV-6936** |
| | : | |
| ABRAHAM ORTIZ, *et al.*, | : | |
|      Defendants. | : | |

### MEMORANDUM

**GOLDBERG, J.**                                                              **APRIL 23, 2025**

Plaintiff Abrahim Fata, a prisoner currently incarcerated at Lehigh County Jail, brings this *pro se* civil action raising claims concerning the alleged sexual abuse of his son against Defendants Abraham Ortiz and Pamela Perez.  (ECF No. 2 ("Compl.").)  Fata also alleges an ongoing conspiracy "by Pennsylvania, and New Jersey societies/communities, and governments, since 2017."  (Compl. at 6.)  He seeks leave to proceed *in forma pauperis*.  For the following reasons, the Court will grant Fata leave to proceed *in forma pauperis* and dismiss the Complaint in its entirety.

## I.   FACTUAL ALLEGATIONS[1]

Fata avers that in 2016, there was a "sexual attack" on his son, E.F., when his son was four years old.  (Compl. at 2.)  Fata alleges that the offender is Ortiz, and he asserts that Ortiz introduced "sex to [his] son, by showing him pornography."  (*Id.*)  Fata claims that as a result, his son began acting differently and tries to "have sexual contact" with "girls his age."  (*Id.*)  Fata

---

[1] The following allegations are taken from the Complaint and the attachments thereto.  To afford Fata the most liberal construction of his claims, the Court also considered the Amended Statement filed on February 10, 2025 (*see* ECF No. 5).  The Court adopts the pagination supplied by the CM/ECF docketing system to all *pro se* submissions.  Spelling, punctuation, and capitalization errors are cleaned up where necessary.

avers that Ortiz and Perez also "coach [his] son to believe" that Fata is not his father, and they

manipulate his son by spoiling him and telling him not to respect Fata.  (*Id.*)  Fata reported these

allegations to the "courts" and "had the courts order" an evaluation of E.F.  (*Id.*)  Fata contends

that Perez "interrupted" and did not fully comply with the court orders.

Fata alleges that when "E.F. started exposing to authorities," Ortiz hit E.F., giving him a

minor cut and bruise on his eyebrow.  (*Id.*)  Fata claims that his son is afraid of Ortiz and Perez,

and he is also afraid to report "the incident to authorities."  (*Id.*)  He asserts that his son is living

with "low self esteem, fear, and confusion of who [Fata] is," and Fata avers that he is assisting in

recovery efforts by providing counseling to his son.  (*Id.*)

Fata also alleges that "[t]here is a conspiracy to coverup a sexual abuse on [his] two kids,

and to frame [him]."  (*Id.* at 6.)  He contends that he's "been severely oppressed by

Pennsylvania, and New Jersey societies/communities, and governments, since 2017, and to the

extreme of [his] death, by either manipulating a fatal 'accident' or 'situation,' even to push [him]

to suicide."  (*Id.*)  He claims that "many rights have been deprived" and he has suffered multiple

physical injuries and emotional anguish.  (*Id.*)  Fata further alleges that this conspiracy was

started by a "Christian religious based organization that has invaded the communities/societies in

areas [his] children, and [he] were involved in" and that this conspiracy "recruited many . . .

relatives, and government officials" to oppress him "religiously, psychologically, [and]

systematically."  (*Id.*)

As the basis for his claims, Fata identifies several criminal and civil rights statutes in list

form.[2]  (*Id.* at 4-5.)  The criminal statutes pertain to conspiracy, assault within maritime

---

[2] Merely listing statutes does not state a plausible claim for a violation thereof because a passing
reference without factual support is not sufficient to bring claims before a court.  *Brown v.
Pennsylvania, Wayne Cnty.*, No. 22-1506, 2023 WL 3376547, at *2 (3d Cir. May 11, 2023), *cert.
dismissed sub nom. Brown v. Pennsylvania*, 144 S. Ct. 272 (2023), *reconsideration denied*, 144

jurisdiction, obstruction of court orders, RICO, tampering with and retaliation against witnesses

or victims, stalking, failure to report child abuse, and the sexual exploitation of children.[3]  (*Id.*)

Specifically, Fata lists, without explanation, federal criminal statutes, 18 U.S.C. §§ 241 and 242,[4]

and federal civil statutes, 42 U.S.C. §§ 1981, 1985, and 1988.[5]  (*Id.* at 4.)  Fata also asserts,

_____

S. Ct. 417 (2023); *see also Campbell v. LVNV Finding, LLC and Resurgent Capital Servs.*, No. 21-5388, 2022 WL 6172286, at *7 (E.D. Pa. Oct. 7, 2022) (stating that a "'passing reference' to jurisprudential precepts without more does not bring that issue before the Court in that it provides no basis for a ruling one way or the other.") (citing *Laborers' Int'l Union of N. Am., AFL-CIO v. Foster Wheeler Energy Corp.*, 26 F.3d 375, 398 (3d Cir. 1994)).

[3] Criminal statutes generally do not give rise to a basis for civil liability.  *See Brown v. City of Philadelphia Office of Human Res.*, 735 F. App'x 55, 56 (3d Cir. 2018) (*per curiam*) ("Brown alleges that the defendants violated various criminal statutes, but most do not provide a private cause of action.").  Indeed, the United States Supreme Court has stated that, unless specifically provided for, federal criminal statutes rarely create private rights of action.  *Nashville Milk Co. v. Carnation Co.*, 355 U.S. 373, 377 (1958) (stating that where a statute "contains only penal sanctions for violation of it provisions; in the absence of a clear expression of congressional intent to the contrary, these sanctions should under familiar principles be considered exclusive, rather than supplemented by civil sanctions of a distinct statute"); *Cent. Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164, 190 (1994) ("We have been quite reluctant to infer a private right of action from a criminal prohibition alone.").

[4] The federal criminal statutes cited by Fata do not provide an individual a private cause of action.  *See Rodriguez v. Salus*, 623 F. App'x 588, 589 n.1 (3d Cir. 2015) (*per curiam*) (finding that the plaintiff's claims attempting to initiate criminal charges under 18 U.S.C. § 241 were properly dismissed because "there is no federal right to require the government to initiate criminal proceedings." (citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973))); *Carpenter v. Ashby*, 351 F. App'x 684, 688 (3d Cir. 2009) (*per curiam*) (no civil cause of action created by 18 U.S.C. § 242); *Colon-Montanez v. Pennsylvania Healthcare Serv. Staffs*, 530 F. App'x 115, 118 (3d Cir. 2013) (*per curiam*) ("[T]hese criminal statutes [18 U.S.C. §§ 241 and 242] provide no private right of action for use by a litigant such as Colon–Montanez.").  Any claims purportedly based on these statutes will be dismissed.

[5] 42 U.S.C § 1981 prohibits racial discrimination in the making and enforcement of contracts and property transactions contracts.  42 U.S.C. § 1985(3) creates a cause of action against any two persons who "conspire . . . for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws. . . ."  42 U.S.C. § 1985(3).  Fata does not include any allegations about race or racial animus and there is no suggestion that any contractual relations or conspiracies exist among the named Defendants.  Accordingly, any claims alleging violations of §§ 1981 and 1985 will be dismissed.  *See Johnson v. Person*, 781 F. App'x 69, 73 (3d Cir. 2019) (affirming dismissal of claims brought pursuant to §§ 1981 and 1982 for failure to state a claim because

without further detail, that his rights under the Ninth and Fourteenth Amendments to the United

States Constitution have been violated.  (*Id.* at 4.)  He invokes state law claims including assault,

battery, willful misconduct, negligence, and loss of wages, again without further explanation.

(*Id.*)  He seeks "$25,000 dollars per Defendant" and requests that the Defendants be "arrested,

and brought to justice."[6]  (*Id.* at 3.)

## II.    STANDARD OF REVIEW

The Court will grant Fata leave to proceed *in forma pauperis* because it appears that he is

incapable of paying the fees to commence this case.[7]  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii)

requires the Court to dismiss the Complaint if it fails to state a claim.  Whether a complaint fails

to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions

to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184

---

there were no contract or property rights involved in the alleged deprivation of rights); *Groce v. City of Philadelphia. L. Dep't*, No. 21-5132, 2022 WL 493418, at *7 (E.D. Pa. Feb. 17, 2022) (dismissing conspiracy claim as wholly conclusory where the plaintiff failed to alleged facts regarding the formation of a conspiracy between any Defendants or any other individuals, the period of the conspiracy, or actions taken by the alleged conspirators to achieve the alleged purpose thereof).  42 U.S.C § 1988, which provides for an award of attorneys' fees in certain circumstances, does not provide a basis for an independent right of action.  *See Vecchia v. Town of Hempstead*, 927 F. Supp 579, 580-81 (E.D.N.Y 1996) (citing *North Carolina Dep't of Transp. v. Crest Street Comm. Council, Inc.*, 479 U.S. 6, 14 (1986).  Any § 1988 claims will also be dismissed.

[6] To the extent that Fata seeks to initiate criminal charges against any Defendant, the Court has no authority to order such relief.  *See Kent v. Ed Carber Inc.*, 467 F. App'x 112, 113 (3d Cir. 2012) (*per curiam*) (affirming dismissal of claims seeking initiation of criminal charges because "a private person does not have a 'judicially cognizable interest in the prosecution . . . of another'") (quoting *Linda R.S.*, 410 U.S. at 619).)

[7] Fata has set forth the steps taken to secure his prisoner account statement.  (*See* ECF No. 6.)  Although he has not been able to obtain a certified copy of his prisoner account statement for the time period from June 30, 2024 through December 30, 2024, this Court finds that Fata has substantially complied with the directives of 28 U.S.C. § 1915(a)(2) and will permit him to proceed *in forma pauperis* in this matter.  Because Fata is a prisoner, he will be obligated to pay the filing fee in installments in accordance with the Prison Litigation Reform Act.  *See* 28 U.S.C. § 1915(b).

F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint

contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on

its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).

Additionally, 28 U.S.C. § 1915(e)(2)(B)(i) requires the Court to dismiss the Complaint if

it frivolous.  A complaint is frivolous if it "lacks an arguable basis either in law or in fact,"

*Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The use of the term "frivolous" in § 1915

"embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Id.*

Section 1915 accords judges "the unusual power to pierce the veil of the complaint's factual

allegations and dismiss those claims whose factual contentions are clearly baseless[,]" including

claims that describe "fantastic or delusional scenarios[.]" *Id.* at 327.  "[A] finding of factual

frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly

incredible[.]" *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).  A claim is legally baseless if it is

"based on an indisputably meritless legal theory." *Deutsch v. United States*, 67 F.3d 1080, 1085

(3d Cir. 1995).  As Fata is proceeding *pro se*, the Court construes his allegations liberally.  *Vogt*

*v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239,

244-45 (3d Cir. 2013)).

Also, when allowing a plaintiff to proceed *in forma pauperis*, the Court must review the

pleadings and dismiss the matter if it determines, *inter alia*, that the action fails to set forth a

proper basis for this Court's subject matter jurisdiction.  Fed. R. Civ. P. 12(h)(3).  ("If the court

determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the

action."); *Group Against Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d

Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time

[and] a court may raise jurisdictional issues *sua sponte*").  A plaintiff commencing an action in

federal court bears the burden of establishing federal jurisdiction.  *See Lincoln Ben. Life Co. v.*

*AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) ("The burden of establishing federal jurisdiction rests with the party asserting its existence." (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006))).

## III.    DISCUSSION

### A.    Claims Brought on Behalf of Others

While unclear, Fata may be asserting claims on behalf of his son, E.F.  (Compl. at 2.) Under 28 U.S.C. § 1654, parties "may plead and conduct their own cases personally or by counsel" in the federal courts.  Section 1654 thus ensures that a person may conduct his or her own case *pro se* or retain counsel to do so.  *See Osei-Afriyie v. Med. Coll. of Pa.*, 937 F.2d 876, 882 (3d Cir. 1991) ("The statutory right to proceed pro se reflects a respect for the choice of an individual citizen to plead his or her own cause." (quoting *Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990))).  Although an individual may represent himself *pro se*, a non-attorney may not represent other parties in federal court.  *See Collinsgru v. Palmyra Bd. of Educ.*, 161 F.3d 225, 232 (3d Cir. 1998) ("The rule that a non-lawyer may not represent another person in court is a venerable common law rule."), *abrogated on other grounds by Winkelman ex rel. Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516 (2007).  Furthermore, "a plaintiff must assert his or her own legal interests rather than those of a third party" to have standing to bring a claim.  *See Twp. of Lyndhurst, N.J. v. Priceline.com, Inc.*, 657 F.3d 148, 154 (3d Cir. 2011) (quotations omitted)).  For these reasons, any claims that Fata brings on behalf of his son must be dismissed without prejudice for lack of standing. *See, e.g.*, *Chang v. Dep't of Servs. for Child., Youth, & their Fams., Div. of Fam. Servs.*, 790 F. App'x 435, 437-38 (3d Cir. 2019) (*per curiam*) (father lacked standing to address children's claims on appeal).

B.       **Fata's Claims**

Fata alleges that there is a vast conspiracy to frame him and coverup sexual abuse of his children.  (Compl. at 6.)  He asserts that the conspiracy, which spans across two states, was started in 2017 by a "Christian religious based organization that has invaded the communities/societies in areas [his] children, and [he] were involved in" and that members of the conspiracy have "recruited many . . . relatives, and government officials" to oppress him "religiously, psychologically, [and] systematically."  (*Id.*)  Fata claims that "many rights have been deprived."  (*Id.*)

Fata's allegations concerning a vast conspiracy are wholly incredible and lack a basis in fact.  Accordingly, the Court will dismiss any claims based on Fata's conspiracy allegations as factually baseless, without leave to amend.  *See, e.g., Caterbone v. Nat'l Sec. Agency*, 698 F. App'x 678, 679 (3d Cir. 2017) (*per curiam*) (dismissing appeal as lacking an arguable basis in fact where underlying allegations were based on plaintiff's assertion that he was a "victim of U.S. sponsored mind control and cointelpro harassment program"); *Mina v. Chester Cnty.*, 679 F. App'x 192, 195 (3d Cir. 2017) (*per curiam*) (affirming dismissal of plaintiff's claims that 62 defendants had a vast conspiracy against him spanning twenty years); *Price v. Fed. Bureau of Investigation*, No. 20-3015, 2020 WL 4368063, at \*3 (E.D. Pa. July 30, 2020), *aff'd*, 845 F. App'x 106 (3d Cir. 2021) (finding plaintiff's allegations to be factually frivolous where plaintiff asserted that "numerous law enforcement agencies, attorneys, prison officials, and medical professionals have used neurological and psychological technology to control the 'four basic groups of his brain and mental functions' and "that the use of this 'technology' and 'mind control' has caused him numerous impairments and drove him to criminal and erratic behavior"); *Jorge v. Torres*,  No. 18-14674, 2019 WL 2385942, at \*3 (D.N.J. June 6, 2019) ("Plaintiff's factual allegations that the Police are monitoring his every move and that the Police do so by

telephone recruitment 'of informants, spies, and willing constituates [sic]' is exactly the type of

'fantastic or delusional scenario[ ]' warranting dismissal under 28 U.S.C. § 1915(e)(2)(B)(i)."

(alterations in original)).

Moreover, to the extent that Fata seeks to assert any federal constitutional claims against

the Defendants, he has failed to state a plausible constitutional claim.  The vehicle by which

federal constitutional claims may be brought in federal court is 42 U.S.C. § 1983.  "To state a

claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution

and laws of the United States, and must show that the alleged deprivation was committed by a

person acting under color of state law."[8]  *West v. Atkins*, 487 U.S. 42, 48 (1988).  "The color of

state law element is a threshold issue; there is no liability under § 1983 for those not acting under

color of law."  *Groman v. Twp. of Manalapan*, 47 F .3d 628, 638 (3d Cir. 1995).

Fata does not provide any factual allegations with respect to the Defendants that would

support an inference that they were acting under color of state law.  *See Massey v. Crady*, No.

17-241, 2018 WL 4328002, at *6 (W.D. Pa. Aug. 8, 2018) ("Private citizens . . . are not state

actors, and therefore . . . any § 1983 claims against [them] should be dismissed."); *Brett v.

Zimmerman,* No. 15-2414, 2018 WL 6576412, at *6 (M.D. Pa. Nov. 2, 2018) (recommending

dismissal of § 1983 claims against private individual as frivolous), *report and recommendation*

---

[8] Whether a defendant is acting under color of state law — i.e., whether the defendant is a state actor — depends on whether there is "such a close nexus between the State and the challenged action' that seemingly private behavior may be fairly treated as that of the State itself."  *Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005) (internal quotations omitted).  "To answer that question, [the Third Circuit has] outlined three broad tests generated by Supreme Court jurisprudence to determine whether state action exists:  (1) whether the private entity has exercised powers that are traditionally the exclusive prerogative of the state; (2) whether the private party has acted with the help of or in concert with state officials; and (3) whether the state has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity."  *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009) (internal quotations and alteration omitted).

*adopted*, 2018 WL 6567721 (M.D. Pa. Dec. 13, 2018); *Toroney v. Woyten,* No. 86-4871, 1986 WL 11081, at *1 (E.D. Pa. Oct. 3, 1986) (dismissing § 1983 claims against private actor as frivolous).

Finally, to the extent that Fata intended to raise any state law claims, the only independent basis for jurisdiction over any such claims is 28 U.S.C. § 1332(a), which grants a district court jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."[9] Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,'" which "means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Ben. Life Co.*, 800 F.3d 99, 104 (3d Cir. 2015) (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010)).  An individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain.  *See Washington v. Hovensa*, LLC, 652 F.3d 340, 344 (3d Cir. 2011). " [T]he domicile of a prisoner before his imprisonment presumptively remains his domicile during his imprisonment." *Pierro v. Kugel*, 386 F. App' x 308, 309 (3d Cir. 2010).

Fata does not allege the state citizenship of any party to this suit, but provides Pennsylvania addresses for each of the Defendants, which suggests that both Defendants may be citizens of Pennsylvania. (*See* Compl. at 1.)  Moreover, because Fata seeks damages in the amount of $50,000 (*id.* at 3), it does not appear that the amount in controversy has been met. Accordingly, Fata has not alleged a basis for the Court's jurisdiction because he has failed to meet his burden of establishing complete diversity in this case.  *See Quaker State Dyeing &*

---

[9] Because the Court has dismissed Fata's federal claims, it will not exercise supplemental jurisdiction over any state law claims.

*Finishing Co., Inc. v. ITT Terryphone Corp.*, 461 F.2d 1140, 1143 (3d Cir. 1972) (stating that, in diversity cases, the plaintiff must demonstrate complete diversity between the parties and that the amount in controversy requirement has been met); *Jackson v. Rosen*, No. 20-2842, 2020 WL 3498131, at *8 (E.D. Pa. June 26, 2020).  Because the Complaint fails to allege a basis for diversity jurisdiction, the Court will dismiss any state law claims for lack of subject matter jurisdiction.

IV.    **CONCLUSION**

For the foregoing reasons, the Court will grant Fata leave to proceed *in forma pauperis* and dismiss his Complaint.  The Court will dismiss any claims Fata sought to assert on behalf of others without prejudice for lack of standing.  Fata's conspiracy claims will be dismissed as factually frivolous.  Any federal constitutional claims Fata sought to assert will be dismissed with prejudice and without leave to amend for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  Fata's state law claims will be dismissed without prejudice for lack of subject matter jurisdiction.  The Court concludes that amendment would be futile because Fata cannot cure the noted deficiencies in the Complaint.  *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002) (holding that district courts should dismiss complaints under the PLRA with leave to amend "unless amendment would be inequitable or futile.").  A final Order follows, which dismisses this case.

BY THE COURT:

*/s/ Mitchell S. Goldberg*
**MITCHELL S. GOLDBERG, J.**

10